UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 24-05581-MWF (PVCx) | **Date:** | February 25, 2025 |
| **Title:** | Jennifer J. Walter v. Sterling Jewelers Inc. | | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):** ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [10] AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS [12]

Before the Court are a Motion to Remand, filed by Plaintiff Jennifer J. Walter on July 31, 2024 (Docket No. 10) and a Motion to Dismiss, filed by Defendant Sterling Jewelers Inc. on August 7, 2024 (Docket No. 12). Defendant filed its Opposition to the Motion to Remand ("Opposition") on August 19, 2024. (Docket No. 16). Plaintiff filed her First Amended Complaint ("FAC") the same day. (Docket No. 17). Plaintiff filed her Opposition to the Motion to Dismiss on August 28, 2024. (Docket No. 19). Plaintiff filed her Reply in support of the Motion to Remand on August 30, 2024. (Docket No. 21). Defendant filed its Reply in support of the Motion to Dismiss on September 4, 2024. (Docket No. 23).

The Motions were noticed to be heard on **September 16, 2024**. The Court read and considered the papers on the Motions and deemed the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

The Court rules as follows:

- The Motion to Remand is **GRANTED**. Defendant has failed to meet its burden to prove that more than $5,000,000 is in controversy in this action.

---

**CIVIL MINUTES—GENERAL**                                                                 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-05581-MWF (PVCx)                    Date:  February 25, 2025
Title:      Jennifer J. Walter v. Sterling Jewelers Inc.

- The Motion to Dismiss is **DENIED** *as moot*.

## I.   BACKGROUND

Plaintiff commenced this putative class action in Los Angeles County Superior Court on April 17, 2024. (Complaint (Docket No. 1-1)). Although later clarified in the FAC, the Complaint provided only vague allegations regarding Plaintiff's relationship to Defendant. At most, the Complaint alleged that Plaintiff was employed by Defendant sometime between the March 2, 2023, and the time the Complaint was filed. (*Id.* ¶ 10, 20-21). Even though Plaintiff later filed the FAC, the Court examines the Complaint for purposes of removal because the appropriate analysis is whether there was a basis for removal at the time of the Notice for Removal. *See, e.g.*, *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) ("The second amended complaint should not have been considered in determining the right to remove, which in a case like the present one was to be determined according to the plaintiffs' pleading at the time of the petition for removal."). In any case, Plaintiff's allegations in the FAC do not differ from those described here in any relevant way.

Plaintiff alleges that Defendant "engaged in a systematic pattern of wage and hour violations." (*Id.* ¶ 3). Plaintiff provides no more specificity regarding the frequency with which these violations occurred, instead consistently alleging, on the basis of information and belief, that Defendant violated California law by "failing to pay *all* wages (including minimum and overtime wages)"; "failing to provide lawful meal periods or compensation in lieu thereof"; "failing to authorize or permit lawful rest breaks or provide compensation in lieu thereof"; "failing to reimburse necessary business-related costs"; "failing to provide accurate itemized wage statements"; "failing to pay wages timely during employment"; and "failing to pay *all* wages due upon separation of employment." (*Id.* ¶ 4 (emphases added)). Plaintiff accordingly brought causes of action for the following:

(1) failure to pay minimum wages;
(2) failure to pay overtime;
(3) failure to provide meal periods;

---
**CIVIL MINUTES—GENERAL**                                        2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-05581-MWF (PVCx)          **Date:** February 25, 2025
**Title:**     Jennifer J. Walter v. Sterling Jewelers Inc.

       (4) failure to permit rest breaks;
       (5) failure to reimburse business expenses;
       (6) failure to provide accurate itemized wage statements;
       (7) failure to pay all wages due upon separation of employment; and
       (8) violation of California Business and Professions Code section 17200, *et seq.*

(*Id.* ¶¶ 37-101). Plaintiff seeks compensatory damages, unpaid compensation, economic and/or special damages, liquidated damages, statutory penalties, restitution, disgorgement, pre-judgment interest, injunctive relief, and attorneys' fees. (*Id.* at 19).

On the basis of these allegations, Defendant removed this action on July 1, 2024. (Notice of Removal (Docket No. 1)). In the Notice of Removal, Defendant stated its position that removal was proper under the Class Action Fairness Act ("CAFA"), because the proposed class contains more than 100 members, minimal diversity exists, and the Complaint placed more than $5,000,000 in controversy. (*Id.* ¶¶ 12-82).

Defendant calculated $14,977,726.25 as the amount in controversy. (*Id.* ¶ 81). Defendant calculated that $1,499,470 was placed in controversy by Plaintiff's minimum wage claim. (*Id.* ¶ 45). Defendant assumed one hour of unpaid minimum wages during each workweek worked by the putative class members (48,370), multiplied by the going California minimum wage rate for the majority of the class period ($15.50). (*Id.* ¶¶ 43-44). Defendant then doubled this total because Plaintiff seeks liquidated damages under California Labor Code section 1194.2, for a total of $1,499,470 (48,370 x $15.50 x 2). (*Id.* ¶ 45).

Defendant calculated $1,765,505 as the amount in controversy under Plaintiff's overtime claim. (*Id.* ¶ 53). Defendant again assumed one hour per week as an appropriate estimation of the Defendant's litigation exposure, based on Plaintiff's allegation that Defendant had a "systematic pattern" of wage and hour violations. (*Id.* ¶¶ 48-49). The average overtime rate for class members during the class period was $36.50. (*Id.* ¶ 50). Defendant multiplied this figure by the total number of workweeks during the class period for a total of $1,765,505 (48,370 x $36.50). (*Id.* ¶ 53).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 24-05581-MWF (PVCx)         **Date:**  February 25, 2025
**Title:**      Jennifer J. Walter v. Sterling Jewelers Inc.

    Defendant calculated $4,707,368.40 as the combined amount put in controversy by Plaintiff's meal and rest break claims. (*Id.* ¶ 63). Defendant stated that violation rates of 50% to 100% have been found reasonable under "pattern and practice" or "policy and practice" allegations and that 25% to 60% violation rates are "regularly found reasonable," and then assumed an arguably conservative violation rate of 40% during the class period. (*Id.* ¶¶ 56-58). Potential class members had an average hourly rate of $24.33 during the class period. (*Id.* ¶ 60). Multiplying the violation rate by the total number of workweeks (48,370) and the average hourly rate resulted in an amount-in-controversy figure of $2,353,648.20 for each claim, and a combined total of $4,707,368.40 (48,370 x $24.33 x 2 = $2,353,648.20).

    Defendant calculated $2,434,300.00 in controversy for Plaintiff's claim that Defendant failed to provide accurate wage statements. (*Id.* ¶ 70). Premised on the preceding violation rate assumptions, Defendant assumed a 100% violation rate for this claim. (*Id.* ¶¶ 67-68). Defendant therefore assumed that there was allegedly inaccurate information on "24,943 wage statements issued to 1200 different non-exempt employees in California working at All Banners." (*Id.* ¶ 69). (The Court assumes that the reference to "All Banners" is unintentional and that the underlying data refers to Defendant, per the Declaration of Michael J. Meyer, a Data Analyst employed by Defendant's counsel (Declaration of Michael J. Meyer (Docket No. 1-5) ¶ 3)). Defendant assumed that each employee experienced the violation at least twice, and that California law puts $50 in controversy for the first violation as to each employee, and $100 in controversy for any subsequent violation as to each employee. (Notice of Removal ¶ 70). In total, this calculation attempts to establish that $2,434,300 is in controversy for this claim (($50 x 1,200 class members) + ($100 x the remaining 23,743 wage statements) = $2,434,300).

    Defendant asserted that $1,575,537.60 was put in controversy by Plaintiff's claim that Defendant failed to timely pay all wages owed at separation of employment. (*Id.* ¶ 78). Defendant found that there were 364 non-exempt employees who left Defendant's employment during the class period and assumed that there was a 100% violation rate as to those employees. (*Id.* ¶¶ 74,78). Defendant assumed that the employees would be entitled to the 30-day maximum payment under California Labor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-05581-MWF (PVCx)        Date:  February 25, 2025
Title:   Jennifer J. Walter v. Sterling Jewelers Inc.

Code section 203, and that the average daily wage was $144.28 ($24.33 average per-hour wage x 5.93 average hours per shift).  Therefore, assuming 30 days of payments per separated employee, Defendant calculated an in-controversy figure of $1,575,537 ($144.28 x 30 x 364).  In combination, these figures put $11,982,181 in controversy across all of Plaintiff's causes of action.  (*Id.* ¶ 81).

Finally, Defendant assumed that Plaintiff would be entitled to attorneys' fees at 25% of the amount of damages put in controversy in the Complaint, for a total of $2,995,545.25.  (*Id.*).  In total, Defendant calculated $14,977,726.25 as the ultimate amount in controversy.  (*Id.*).

Plaintiff argues in the Motion to Remand that Defendant's assumed 40% violation rate for meal and rest breaks is unsupported; that Defendant is not permitted to separately apply calculations for overtime and minimum wage violations; that Defendant significantly inflated the value of the overtime claim by calculating the overtime figure by reference to *all* workweeks, rather than weeks in which employees were eligible for overtime pay; and that 25% is an inappropriate assumption for attorneys' fees.  (*See generally* Motion to Remand).

## II.  LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper, including under CAFA.  *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684-85 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 24-05581-MWF (PVCx) | Date:  February 25, 2025 |
| Title:      Jennifer J. Walter v. Sterling Jewelers Inc. | |

1447(c); *see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.").

"In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).  Therefore, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe."  *Id.* (emphasis in original).

"[A] damages assessment may require a chain of reasoning that includes assumptions." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).  "When that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.*  Thus, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.* at 1197.  "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"  *Id.* (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).  "[T]he defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." *Ibarra*, 775 F.3d at 1197.

### III.  ANALYSIS

Defendant's removal of this action, at bottom, rests on the notion that it can place fixed values on Plaintiff's vague claim that Defendant "engaged in a systematic pattern of wage and hour violations." (Complaint ¶ 3).  Regarding the minimum wage and overtime claims, Defendant uses the "systematic pattern" language as the basis to assume that each putative class member experienced a violation each workweek.  Regarding the meal and rest break claims, Defendant assumes that this language justifies a 40% violation rate.  And Defendant's figures regarding the inaccurate wage

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-05581-MWF (PVCx)          **Date:** February 25, 2025
**Title:**     Jennifer J. Walter v. Sterling Jewelers Inc.

statements, waiting time penalties, and attorneys' fees are downstream of these initial assumptions.

      However, Defendant provides no legal citation establishing that the "systematic pattern" language supports these assumptions. Instead, Defendant stretches case law about other, arguably related, but non-identical allegations made by plaintiffs in other wage and hour matters which appear to support Defendant's assumed violation rates. These citations are unpersuasive where, as here, courts have analyzed the precise verbiage used by a plaintiff in a complaint. Seemingly minute differences in language have the potential to significantly alter the results in wage and hour claims governed by *Ibarra*. *See, e.g.*, *White v. Torrance Refining Co.*, No. CV 23-03216-GW (PVCx), 2023 WL 5505871, at *2 (C.D. Cal. June 30, 2023) (stating that the terms "systematic pattern" and "systemic pattern" are "potentially different terms" for purposes of assumed violation rates).

      Courts in this Circuit have analyzed the "systematic pattern" language. While there is at least some authority on both sides of the issue, the best reading of the caselaw is that "systematic pattern" language is unable to support any particular violation rate. In one case analyzing the phrase, an assumed violation rate of one violation per pay period was deemed appropriate. *McCollum v. TGI Friday's, Inc.*, No. SACV 22-00392-FWS (JDEx), 2022 WL 2663870, at *4-8 (C.D. Cal. July 11, 2022). In another case, a 20% violation rate was deemed reasonable (not a 40% rate, as Defendants utilize here for the meal and rest break claims). *Salonga v. Aegis Senior Cmtys., LLC*, No. 22-cv-00525-LB, 2022 WL 1439914, at *7-8 (N.D. Cal. May 6, 2022).

      These cases appear to represent the most Defendant-friendly interpretations of the "systematic pattern" language. At least three district court cases analyzing the same language have remanded in "systematic pattern" cases. *See Villa v. Xanitos, Inc.*, No. CV 22-02991-PA (Ex), 2022 WL 1720357, at *2 (C.D. Cal. May 26, 2022) (finding, among other things, that "systematic pattern" and similar language "do[es] not automatically make violation frequency assumptions reasonable"); *Castillo v. Trinity Servs. Grp., Inc.*, No. 1:19-cv-01013-DAD-EPG, 2020 WL 3819415, at *4-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 24-05581-MWF (PVCx)          **Date:** February 25, 2025
**Title:**  Jennifer J. Walter v. Sterling Jewelers Inc.

(E.D. Cal. July 8, 2020) (determining that a 100% violation rate was unreasonable under "systematic pattern" language by reference to "pattern and practice" language); *Weaver v. Amentum Servs., Inc.*, No. 22-cv-00108-AJB-NLS, 2022 WL 959789, at *2-3 (S.D. Cal. Mar. 30, 2022) (finding 20% assumed violation rate unreasonable under "systematic pattern" language).

In another case, a magistrate judge recommended remand because of the defendant's failure to carry the burden of proof that federal jurisdiction was established by "uniform and systematic" language: "[T]he 'uniform and systematic' allegations, without more, do not support Defendant's assumption because they do not indicate how often the purported violations occurred." *Dunn v. SHC Servs., Inc.*, No. 1:21-cv-00744-NONE-SAB, 2021 WL 5122057, at *12 (E.D. Cal. Nov. 4, 2021). The parties then stipulated to remand the matter. *See generally Dunn v. SHC Servs., Inc.*, No. 1:21-cv-00744-NONE-SAB, 2021 WL 5371426 (E.D. Cal. Nov. 18, 2021).

Most instructive is *White*. Citing the cases previously discussed, the district court then helpfully distilled its approach to "systematic pattern" allegations:

> The important point here is that there simply is no clarity with respect to violation-rates in the Complaint, as is almost always the situation in such cases. Faced with a vague pleading, it seems to this Court that the much-more-sensible route would be to try to pin Plaintiff down, in state court, with respect to what the Complaint's allegations actually mean with respect to violation rates. Perhaps Defendant does this by serving interrogatories or requests for admission, perhaps by deposition, perhaps by moving for a more definite statement.
>
> However, rather than attempting to clarify matters, Defendant simply made guesses or assumptions and removed the matter to this Court. In expecting something more than that, the Court is not asking Defendant to help "prove Plaintiff's case." It is simply asking Defendant to clarify what Plaintiff is alleging before removing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 24-05581-MWF (PVCx)  **Date:**  February 25, 2025
**Title:**     Jennifer J. Walter v. Sterling Jewelers Inc.

*White*, 2023 WL 5505871, at *3.

As in *White*, this Court may not value Plaintiff's minimum wage, overtime, meal break, or rest break claims, as they are all dependent on the "systematic pattern" language. *Id.* at *4. Defendant's waiting time, wage statement, and attorneys' fees calculations are all predicated on the assumptions rejected here and must also be rejected. And while it is perhaps likely that Plaintiff's claims will ultimately prove to put more than $5,000,000 in controversy, "[t]he district court should weigh the reasonableness of the removing party's assumptions, not supply further assumptions of its own." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 701 (9th Cir. 2020). To pin a particular violation rate on the allegations in the Complaint would be to "pull[]" an assumption "from thin air." *Ibarra*, 775 F.3d at 1199. Defendant could have provided evidence of particular violation rates or elicited a violation rate from Plaintiff, but did not, and the Court may not supply assumptions which are unmoored from the allegations in the Complaint.

As mentioned previously, the cases Defendant relies upon to support certain violation rates did not feature the same language as is present here (and several of the authorities predate *Ibarra*). *See, e.g.*, *Cabrera v. S. Valley Almond Co.*, No. 1:21-CV-00748-AWI-JLT, 2021 WL 5937585, at *8 (E.D. Cal. Dec. 16, 2021) (featuring "at times" and "on occasion" language); *Rapisura v. BMW of N. Am., LLC*, No. 2:22-cv-00455 WBS AC, 2022 WL 1557001, at *2 (E.D. Cal. May 17, 2022) ("uniform payroll policies and practices"); *Danielsson v. Blood Ctrs. of the Pac.*, No. 19-cv-04592-JCS, 2019 WL 7290476, at *6 (Dec. 30, 2019) ("pattern and practice"); *Kastler v. Oh My Green, Inc.*, No. 19-cv-02411-HSG, 2019 WL 5536198, at *1 (N.D. Cal. Oct. 25, 2019) (same); *Arreola v. Finish Line*, No. 14-CV-03339-LHK, 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014) ("policy"). Defendant does not appear to cite any cases using the "systematic pattern" language utilized by Plaintiff here.

Defendant does not save its attempt at removal by the increased detail provided in its Opposition. In attempting to refute Plaintiff's arguments, Defendant utilizes time records, as opposed to payroll records, to provide more granular calculations of the amount in controversy. (*See, e.g.*, Opposition at 7-8 ("This number is higher than the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 24-05581-MWF (PVCx) | **Date:** February 25, 2025 |
| **Title:** | Jennifer J. Walter v. Sterling Jewelers Inc. | |

previous number Sterling used because analyzing time records (as opposed to payroll records) allows for the identification of weeks that are overtime-eligible because an employee worked more than eight hours in a day.")).

However, Defendant does not in any way utilize the time record data to substantiate the critical assumptions made in the Notice of Removal. Regarding the overtime claim, the new data only provides greater specificity regarding the number of weeks in which employees were eligible for overtime pay, not how often putative class members were not paid for that work. (*Id.*; Declaration of Michael J. Meyer (Docket No. 16-1) ¶ 4). This is typical of Defendant's approach—with regard to the meal and rest break claims, Defendant similarly has new data regarding how many shifts were eligible for breaks but does not appear to have any additional data regarding how often those breaks did not take place. (Opposition at 8-9). This additional data therefore allows for more precise calculation of the amount in controversy ***if Defendant's assumptions are correct*** and does nothing to assure the Court of the accuracy of Defendant's assumed violation rates. Defendant continues to pull violation rates out of thin air; there is nothing in the data and little in Plaintiff's allegations that would support them.

Accordingly, the Motion to Remand is **GRANTED** and the Motion to Dismiss is **DENIED** for being moot. The action is **REMANDED** to Los Angeles County Superior Court.

IT IS SO ORDERED.